# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2836

_____

Wayne Ronald Simmons,             *
                                          *
          Appellant,           *
                                          *   Appeal from the United States
      v.                    *   District Court for the
                                          *   Eastern District of Missouri.
Océ-USA, Inc.,               *
                                          *
          Appellee.            *

_____

Submitted:  February 9, 1999

Filed:  April 13, 1999

_____

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Wayne Ronald Simmons appeals the district court's[1] entry of summary judgment in favor of Océ-USA, Inc. (Océ) in this employment discrimination case. We affirm.

_____

[1]The Honorable Thomas C. Mummert, United States Magistrate Judge for the Eastern District of Missouri, who presided over the case by consent of the parties pursuant to 28 U.S.C. § 636(c).

**I.**

Simmons, an African-American, began servicing "high-end" copiers for the Bruning Division of AM International, Inc. in 1990. The Bruning Division was purchased by Océ in 1991.

To assess its employees, Océ uses a performance-based evaluation system under which employees are rated on their ability to reach national performance targets. Simmons received satisfactory performance ratings and steady pay increases and experienced no significant employment problems until 1994, when John Curless became his supervisor. As detailed in the district court's thorough, exhaustive memorandum opinion, the performance appraisals completed by Curless ranked Simmons's job performance as being below target levels from 1994 until his termination in 1997.

During this period, Curless made derogatory comments directed toward Simmons. On at least one occasion in 1995 Curless repeated in Simmons's presence a joke told by the black comedian/actor Richard Pryor regarding the sex organs of male African-Americans. At a luncheon with Simmons and a third employee in February of 1995, Curless referred to Simmons as "Buckwheat."

Simmons filed a complaint with the Equal Employment Opportunity Commission (EEOC) in March 1995. The EEOC issued a right to sue letter on January 24, 1997. Simmons filed suit against Océ on February 11, 1997, alleging racial discrimination in violation of Title VII, 42 U.S.C. §§ 2000e-2000e-17. Simmons was terminated on June 26, 1997.

## II.

We review the district court's grant of summary judgment de novo, applying the same standard that is applied by the district court. See Hossaini v. Western Mo. Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998).

Simmons claims that his decreasing performance was due to racial bias on Curless's part, evidenced by Curless's racial comments and his subjectiveness in completing the performance appraisal forms.

Simmons first argues that Curless's telling of the Richard Pryor joke and his use of the term "Buckwheat" are direct evidence of unlawful race discrimination. See Price Waterhouse v. Hopkins, 490 U.S. 228, 272-73 (1989) (O'Connor, J., concurring). We disagree. To present direct evidence of discrimination, Simmons must establish that evidence of "conduct or statements by persons involved in the decisionmaking process . . . may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the factfinder to find that that attitude was more likely than not a motivating factor in the employer's decision." Browning v. President Riverboat Casino-Missouri, Inc., 139 F.3d 631, 634 (8th Cir. 1998) (internal quotations omitted). "Not all comments that may reflect a discriminatory attitude are sufficiently related to the adverse employment action in question to support such an inference." Walton v. McDonnell Douglas Corp., 167 F.3d 423, 426 (8th Cir. 1999). Stray remarks made in the workplace are not sufficient to establish a claim of discrimination. See Beshears v. Asbill, 930 F.2d 1348, 1354 (8th Cir. 1991) (quoting Price Waterhouse, 490 U.S. at 277).

The term "Buckwheat" is a racial slur when it is directed towards a black employee in the context of an employment relationship. See Boyd v. State Farm Ins. Cos., 158 F.3d 326, 329 (5th Cir. 1998), cert. denied, 67 U.S.L.W. 3531 (U.S. Apr. 5, 1999) (No. 98-1229). Likewise, the repeating by a white person of a joke referring

to African-American male genitalia could well be considered to be racially offensive. However offensive, Curless's one-time use of the term "Buckwheat" and his one-time repeating of the Richard Pryor joke both occurred in 1995, some two years prior to the decision to terminate Simmons.[2]  Because the statements and the adverse employment decision were not close in time, Simmons must establish a causal link between the comments and his termination.  See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 779 (8th Cir. 1995).

Simmons has not presented any such evidence.  Absent a causal link between the racial comments and the adverse employment decision, Curless's derogatory language is best classified as "statement[s] by [a] decisionmaker[] unrelated to the decisional process."  Rivers-Frison v. Southeaset Mo. Community Treatment Ctr., 133 F.3d 616,  619 (8th Cir. 1998) (quoting Price Waterhouse, 490 U.S. at 277).

Alternatively, Simmons argues that he has presented circumstantial evidence adequate to make a submissible case of racial discrimination.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Assuming that Simmons presented a prima facie case under McDonnell Douglas, Océ's presentation of comprehensive performance ratings articulated a non-discriminatory reason for terminating Simmons, leaving us with the question whether Simmons presented sufficient evidence of pretext to survive summary judgment. See Hutson, 63 F.3d at 777.

Stray remarks "that are remote in time do not support a finding of pretext for intentional [race] discrimination."  Walton, 167 F.3d at 428; accord Hutson, 63 F.3d at 778-79.  Given the comprehensive objective evidence presented by Océ of

---

[2]Although Simmons claims that he presented evidence that Curless told racially offensive jokes on a continuing basis, he specifically identified only the Richard Pryor joke.

Simmons's poor job performance, the offensive remarks made by Curless outside of the decision making process, without more, are not enough to "'create a trialworthy issue' of pretext." Id.; see Hutson, 63 F.3d at 779. See also Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 912 (8th Cir. 1996) (finding allegations that supervisor referred to African-American employee as "boy," stated that African-Americans commit more crime than whites, and joked about employee's clothing were insufficient evidence of pretext to survive summary judgment).

Simmons argues that Océ's non-discriminatory explanation for the termination-- his low performance ratings--was pretextual because the performance ratings were partially subjective. He contends that a jury could find that Curless used the subjective component of the rating system to mask racial animosity towards him. In Walton, we held that evidence that the supervisor had made alleged discriminatory comments some two years prior to the termination was insufficient to support a finding of pretext. We stated that "the presence of subjectivity in employee evaluations is itself not a grounds for challenging those evaluations as discriminatory." Walton, 167 F.3d at 428 (quoting Hutson, 63 F.3d at 780). Because Simmons has presented no affirmative evidence that Curless manipulated Océ's facially neutral performance appraisal, the district court properly granted summary judgment on the issue of discriminatory treatment. See Walton, 167 F.3d at 428.

Likewise, because Simmons has presented no affirmative evidence that his termination was for other than performance-based reasons, the grant of summary judgment as to his claim of retaliatory discharge was also proper. See Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 485 (8th Cir. 1997).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.