# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 99-2239

—————

Sandella S. Spears,

   Appellant,

  v.

Missouri Department of Corrections
and Human Resources,

   Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*
\*
\*

—————

Submitted: February 18, 2000

Filed: April 28, 2000

—————

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

—————

WOLLMAN, Chief Judge.

  Sandella S. Spears appeals from the district court's[1] entry of summary judgment
in favor of her former employer, the Missouri Department of Corrections (the
Department), on her claims of retaliation and constructive discharge in violation of Title
VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. We affirm.

———————

  [1]The Honorable Dean Whipple, United States District Judge for the Western
District of Missouri.

# I.

Spears began working for the Department in 1987 as a corrections officer at the Central Missouri Correctional Center (CMCC), located in Jefferson City, Missouri. In June of 1992, Spears filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that the Department had retaliated against her because of an internal complaint of race discrimination she had lodged against Captain W. D. Schmutz. Spears contended that in response to this complaint the Department: (1) conducted an unfair investigation of her allegations against Schmutz and improperly found that Spears had willfully filed a false grievance, and (2) refused to grant Spears a requested transfer to the Kansas City Community Release Center (KCCRC). The EEOC issued Spears a right to sue letter, but she did not bring suit within 90 days.

Spears was transferred to the Jefferson City Correctional Center (JCCC) in August of 1992 and shortly thereafter she resigned from the Department. In January of 1993, Spears filed a second charge with the EEOC, reiterating her contention that she had been retaliated against for filing a complaint against Schmutz and also contending that she had been constructively discharged as a result of the Department's retaliatory conduct. To support her claims, Spears reasserted the two incidents set forth in her 1992 EEOC charge and also asserted that the Department: (1) unfairly changed her 1992 performance evaluation from a rating of "highly successful" to "successful," and (2) transferred her to JCCC. The EEOC issued a second right to sue letter, and Spears timely commenced this action.

Regarding Spears's retaliation claim, the district court found that she had failed to establish any adverse employment action and thus had not presented a prima facie case of retaliation. The court reasoned that Spears was barred from asserting as acts of retaliation the conduct alleged in her 1992 EEOC charge because she had not timely filed suit on these acts and that the other retaliatory acts alleged by Spears--the lowering of her performance evaluation and her transfer to JCCC--did not constitute

adverse employment action. As for the constructive discharge claim, the court found that, even considering the acts asserted in her 1992 EEOC charge, Spears had presented insufficient evidence of an intolerable work environment to support such a claim. This appeal followed.

## II.

We review a grant of summary judgment de novo. See Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

### A. Retaliation

Spears contends that the district court erred in finding that she had failed to present a prima facie case of retaliation. To establish a prima facie case of retaliation, a plaintiff must show, among other things, that she suffered an adverse employment action at the hands of her employer. See Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359 (8th Cir. 1997). An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. See Cossette v. Minn. Power & Light, 188 F.3d 964, 972 (8th Cir. 1999). Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, see Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1016 (8th Cir. 1999), but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not, see Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997).

We agree with the district court that Spears has failed to establish any adverse employment action. As an initial matter, we agree that Spears is barred from asserting

as adverse employment action the retaliatory acts that she alleged in her 1992 EEOC charge. An employee who receives a right to sue letter from the EEOC has 90 days in which to file suit. See 42 U.S.C. § 2000e-5(f)(1). It is undisputed that Spears did not file suit within 90 days of receiving a right to sue letter on her 1992 charge. Spears is therefore barred from asserting a claim of retaliation based upon the acts asserted in this charge. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (plaintiff who timely filed suit on second EEOC charge was barred from asserting claims based on events which formed basis of prior EEOC charge that was not timely sued upon).[2] Furthermore, the fact that Spears's January 1993 EEOC charge and the ensuing right to sue letter reiterated these acts does not remove this bar. See Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2nd Cir. 1986) (per curiam) (where plaintiff failed to timely bring suit after receiving right to sue letter on first EEOC charge, subsequent charge and right to sue letter did not revive claims asserted in first charge).

We also agree with the district court that the remaining acts of retaliation alleged by Spears do not constitute adverse employment action. First, Spears's transfer to JCCC was not an adverse action. It is well established that "[a] transfer involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action." Ledergerber, 122 F.3d at 1144. In Montandon, for example, we held that a transfer that required the plaintiff to move from one city to another was not actionable because the transfer did not entail a change in his salary, benefits, or any other aspect of his employment. See 116 F.3d at 359; see

---

[2]In Williams, we also noted that claims that are "like or reasonably related" to claims asserted in an EEOC charge that is timely sued upon may be asserted in a judicial action based on that charge. See 21 F.3d at 222. However, we declined to apply this rule to claims that had been asserted in a prior EEOC charge that had not been timely acted upon, as is the case here. See id. at 222-23 (applying "reasonably related" analysis only to claims that had not been alleged in either a prior EEOC charge or the charge that was the basis of the present suit).

also Hoffman v. Rubin, 193 F.3d 959, 964 (8th Cir. 1999) (transfer from St. Paul to Chicago not adverse employment action because rank, pay, and other benefits were unaltered). Here, Spears has presented no evidence that her transfer to JCCC had any impact on her job title, salary, benefits, or any other material aspect of her employment. Furthermore, Spears's transfer, unlike those in Montandon and Hoffman, did not even require her to change residence because both CMCC and JCCC are located in Jefferson City. Spears's transfer thus was merely an "inconvenience" for purposes of Title VII and therefore is not actionable.

Second, Spears's "successful" performance evaluation was not an adverse employment action. A poor performance rating does not in itself constitute an adverse employment action because it has no tangible effect upon the recipient's employment. See Cossette, 188 F.3d at 972; Montandon, 116 F.3d at 359. An unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment. See Enowmbitang v. Seagate Techn., Inc., 148 F.3d 970, 973-74 (8th Cir. 1998); Montandon, 116 F.3d at 359. In the present case, Spears avers that the Department lowered her 1992 performance rating from "highly successful" to "successful" following her complaint against Schmutz, but she has presented no evidence that the Department subsequently used the evaluation to her detriment. She contends only that her evaluation "demeaned her in the eyes of her coworkers," which we have expressly held to be insufficient to transform an unfavorable evaluation into an adverse employment action. See Cossette, 188 F.3d at 972 (evaluation causing loss of status or prestige not actionable). Spears's performance evaluation therefore does not constitute an adverse employment action.[3]

---

[3]While a constructive discharge may constitute an adverse employment action, we need not discuss Spears's constructive discharge claim in this context because, as discussed below, we find her constructive discharge claim to be without merit.

Thus, although Spears may have been disappointed by the changes that took place in her employment in 1992, such changes do not constitute adverse employment action under Title VII. See Montandon, 116 F.3d at 359 ("[N]ot everything that makes an employee unhappy is an actionable adverse action.") (quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996)). Accordingly, we hold that the district court properly found that Spears failed to establish a prima facie case of retaliation and that the Department is entitled to summary judgment on this claim.

## B. Constructive Discharge

Spears also challenges the district court's entry of summary judgment on her constructive discharge claim. "A constructive discharge occurs when an employer deliberately renders an employee's working conditions intolerable with the intent of forcing the employee to leave the employment." Knowles v. Citicorp Mortgage, Inc., 142 F.3d 1082, 1086 (8th Cir. 1998). Whether working conditions are sufficiently objectionable to support a claim for constructive discharge is determined by an objective standard, not the employee's subjective feelings. See Coffman v. Tracker Marine, L.P., 141 F.3d 1241, 1247 (8th Cir. 1998); West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497 (8th Cir. 1995) ("An employee may not be unreasonably sensitive to [her] working environment.") (quoting Johnson v. Bunny Bread Co., 646 F.2d 1250, 1256 (8th Cir. 1981)).

Applying this objective standard, we agree with the district court that Spears has failed to present sufficient evidence of an intolerable working environment to avoid summary judgment. Spears's performance evaluation and transfer did not render her working environment intolerable. See Tork v. St. Luke's Hosp., 181 F.3d 918, 919 (8th Cir. 1999) (unfavorable evaluations did not make conditions intolerable); Gartman v. Gencorp, Inc., 120 F.3d 127, 130 (8th Cir. 1997) (transfer to different facility where employee's title, pay, and benefits remained constant did not create intolerable environment). Furthermore, the acts Spears alleged in her 1992 EEOC charge, even

if not barred, do not establish an intolerable working environment. The Department's denial of Spears's request for a transfer to KCCRC did not cause such an environment, see Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 796-97 (8th Cir. 1996) (denial of requested transfer did not create intolerable environment), nor did its criticism and reprimand of Spears for submitting a complaint against Schmutz that, even when viewed in Spears's favor, was disingenuous, if not false, see Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 575 (8th Cir. 1997) (special scrutiny and criticism of employee's conduct did not make conditions intolerable).

Thus, although Spears's working environment may not have been ideal, we cannot conclude that the Department's alleged actions, even when viewed together, rendered it so objectionable that a reasonable person would have deemed resignation the only plausible alternative. See Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1160 (8th Cir. 1999) ("[A] feeling of being unfairly criticized or [having to endure] difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.") (quoting Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994)). Accordingly, the district court properly entered summary judgment in favor of the Department on Spears's claim of constructive discharge.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.