# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1877WM

_____

| | | |
|---|---|---|
| Annette LePique, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Andrew C. Hove, Acting Chairperson | * | |
| for the Federal Deposit Insurance | * | |
| Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 16, 2000

Filed: May 31, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is an action under Title VII of the Civil Rights Act of 1964 for retaliation. The District Court[1] granted defendant's motion for summary judgment on the ground that the plaintiff had not suffered a sufficiently severe adverse employment action to trigger the protections of the statute.

_____

[1]The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

The claim is that defendant refused to transfer plaintiff to a job in another city, a job she desired to have. This refusal, it is said, was in retaliation against plaintiff's testimony before a Senate committee regarding sexual harassment supposed to be rampant in the office where plaintiff worked. Plaintiff's employer was the Resolution Trust Corporation, which has been succeeded by the Federal Deposit Insurance Corporation.

We have no wish to minimize the personal impact that transfers or refusals to transfer can have on an individual employee. This Court, however, has squarely held that a decision to transfer an employee to another city, a transfer that the employee did not want, is not an adverse employment action of sufficient consequence to justify an action under Title VII, assuming, as is the case here, that the job to which the employee is being transferred is of equal pay and rank and with no material change in working conditions. The most recent authority on the question is Spears v. Missouri Department of Corrections and Human Resources, ____ F.3d ____ (8th Cir. 2000). In that case, we said:

> It is well established that "[a] transfer involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action." Ledergerber, 122 F.3d at 1144. In Montandon, for example, we held that a transfer that required the plaintiff to move from one city to another was not actionable because the transfer did not entail a change in his salary, benefits, or any other aspect of his employment. See 116 F.3d at 359; see also Hoffman v. Rubin, 193 F.3d 959, 964 (8th Cir. 1999) (transfer from St. Paul to Chicago not adverse employment action because rank, pay, and other benefits were unaltered). Here, Spears has presented no evidence that her transfer to JCCC had any impact on her job title, salary, benefits, or any other material aspect of her employment. . . . Spears's transfer thus was merely an "inconvenience" for purposes of Title VII and therefore is not actionable.

<u>Id.</u> at _____.

This panel is bound by <u>Spears</u> and the authorities it cites. We have no power to change the law of the Circuit as enunciated by another panel. Here, the action complained of is the failure to transfer, but we see no reason to suppose that an action of that kind should be treated any differently for present purposes.

HEANEY, Circuit Judge, concurring.

I reluctantly concur in the majority's opinion. Although the majority correctly points out that our decision in <u>Spears v. Missouri Dep't of Corrections & Human Serv.</u>, No. 99-2239, 2000 WL 502534 (8th Cir. Apr. 28, 2000) controls, the rule set forth in the opinion is, in my view, simply wrong.

An employer's <u>retaliatory</u> refusal to transfer an employee is an adverse employment action, regardless whether the position sought involves the same duties, pay and benefits. After all, where a person lives and works often is more important than the salary or benefits he/she receives, and refusing the transfer results in more than "mere inconvenience." Accordingly, when an employee seeks a transfer, is the most qualified applicant, and is refused the transfer in retaliation for her civil rights claim against the employer, he/she suffers an adverse employment action. However, I recognize that I am bound by our circuit's precedent, and thus I concur.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.