# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2090

_____

Matt W. Brown,

      Appellant,

v.

Missouri State Highway Patrol,

      Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the Western
District of Missouri

[UNPUBLISHED]

_____

Submitted: November 4, 2002
Filed: January 22, 2003

_____

Before McMILLIAN and MELLOY, Circuit Judges, and LONGSTAFF[1], District
Judge.

_____

LONGSTAFF, District Judge.

---

[1] The Honorable Ronald E. Longstaff, Chief Judge, United State District Court
for the Southern District of Iowa, sitting by designation.

## I. BACKGROUND

Plaintiff, Matt Brown, is an employee of defendant, the Missouri State Highway Patrol ("MSHP"). In 1998, Plaintiff filed a Title VII action against defendant ("the first lawsuit"), alleging that he was discriminated against on the basis of his race and retaliated against for exercising his First Amendment rights. Specifically, plaintiff challenged the MSHP's decision not to promote him to the position of captain; the MSHP's denial of his request for relocation from Jefferson City to St. Louis; and his reassignment from the position of lieutenant to the position of administrative lieutenant.

Defendant denied plaintiff's allegations and maintained that plaintiff's race played no part in its employment decisions. It noted that since he began working for the MSHP in 1975, plaintiff was promoted three times: to corporal on July 1, 1987, sergeant on June 1, 1989, and lieutenant in the Gaming Division on May 1, 1994. Defendant further noted that its decision-maker, Colonel Wilhoit, had promoted a number of other African Americans. According to MSHP staff, the employment decisions upon which plaintiff based his complaint resulted from plaintiff's inconsistent job performance and insubordination.

On July 13, 1999, the district court for the Western District of Missouri granted defendant's motion to dismiss the First Amendment claim, because plaintiff "alleged no facts from which a reasonable inference [could] be drawn that he spoke out on any matter, let alone a matter of public concern." Brown v. Missouri State Highway Patrol, No. 98-4109-CV-C-9, slip op. at 3-4 (W.D. Mo. 1999). On February 9, 2000, the district court issued an order granting in part and denying in part defendant's motion for summary judgment. The court denied the motion as to plaintiff's claims that he had been discriminated against when defendant refused to allow him to relocate to St. Louis. It also denied the motion as to plaintiff's claim that he had been discriminatorily reassigned to the position of administrative lieutenant. However, the

2

court granted summary judgment for the defendant on plaintiff's failure-to-promote claim. On May 17, 2000, the remaining claims proceeded to trial. A jury found in favor of the MSHP on both counts.

Meanwhile, on February 28, 2000, plaintiff filed a second lawsuit in the U.S. District Court for the Eastern District of Missouri, again claiming discriminatory failure to promote, retaliatory failure to promote, and retaliation for the exercise of First Amendment rights. In his original Complaint in the second lawsuit, plaintiff based his claims solely on the February 1, 1999 promotion of James Meissert to the position of captain.[2] On November 2, 2000, plaintiff filed a Second Amended Complaint in which he set forth the following additional promotions that he claims he was wrongfully denied: 1) September 1, 1999, involving the promotion of James McNiell; 2) October 1, 1999, involving the promotion of John W. Elliot; 3) March 1, 2000, involving the promotion of Bradley Jones[3]; 4) February 1, 2000, involving the promotion of Dale Schmidt; and 5) February 1, 2000, involving the promotion of Robert Bloomberg. Plaintiff had not challenged these promotions in the first lawsuit.

On January 1, 2001, following a motion by defendant, the second lawsuit was transferred to the district court in the Western District of Missouri. The district court[4] granted summary judgment in favor of defendant, holding that plaintiff's claims were barred by the doctrine of res judicata. The court further held that even if not

---

[2] The Meissert promotion was one that plaintiff identified in his interrogatory responses in the first lawsuit, and it was one of the promotions covered by the district court's February 9, 2000 Order granting summary judgment in favor of defendant on the failure-to-promote claim.

[3] Plaintiff later withdrew his challenge to the Jones promotion.

[4] Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

procedurally barred, plaintiff's claims failed on the merits. We affirm, in part on procedural grounds and in part on the merits.

II.    DISCUSSION

We review a grant of summary judgment de novo, applying the same standard as the district court. See Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 562 (8th Cir. 1997). We will affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1107 (8th Cir. 1998); FED. R. CIV. P. 56(c). Although a party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, a nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial. See Id.

•    Failure to Promote[5]

Plaintiff claims defendant refused to promote him to captain because of his race. To establish a prima facie case of discriminatory failure to promote, a Title VII plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) a similarly qualified employee, not part of a protected group, was promoted instead. Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1109 (8th Cir. 1998) (citing Shannon v. Ford Motor Co., 72 F.3d 678, 682 (8th Cir. 1996). As the district court held, plaintiff failed to establish that he was "similarly qualified" for any captain promotions. In his brief, plaintiff states only that he "was qualified for the positions" (Appellant's Brief at 24), but nowhere does he suggest that he is equally

_____

[5] In light of our resolution of this issue on the merits, analysis of any procedural bar to this claim is unnecessary.

qualified or "similarly qualified."[6] Plaintiff did not even investigate the qualifications of the individuals who were promoted when he deposed them. Although plaintiff provided the court with personnel records of the candidates that were promoted, there is no evidence that these records were considered by the MSHP staff in making its captain promotion decisions. In fact, the record suggests the contrary. We find that the evidence submitted by plaintiff is insufficient to establish that he was "similarly qualified." Consequently, the district court's order of summary judgment on this claim was appropriate.

- Retaliation Claims

The Court will next consider plaintiff's retaliation claims. To establish a prima facie case of retaliation, plaintiff must establish that he engaged in protected activity, that there was a subsequent adverse action by the employer, and that there is a causal connection between the protected activity and the subsequent adverse action. 42 U.S.C. § 2000e-3(a); See also Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999). As the Eighth Circuit has explained:

> An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not.

Spears v. Missouri Dep't of Corr. & Human Res., 210 F.3d 850, 853 (8th Cir. 2000) (internal citations omitted).

---

[6] The Court notes that plaintiff actually may have been less qualified, as the record indicates he was the only candidate who had not attended a management or advanced development course.

After plaintiff filed charges with the EEOC in November 1997, he claims the following occurred: 1) his performance ratings were lowered; 2) staff falsely accused him of insubordination; 3) his superiors violated the chain of command by giving employees under plaintiff instructions and duties to perform without informing plaintiff; 4) he was not promoted to captain; and 5) staff failed to notify him of the reasons he was not considered for captain. Even assuming plaintiff can establish causation, none of these actions constitutes "adverse employment action." The lowered performance ratings, the false accusations of insubordination, the chain of command violation, and the failure to explain to plaintiff the reasons he was not considered for a promotion do not themselves rise to the level of a material employment disadvantage. See, e.g., Spears, 210 F.3d at 854 ("A poor performance rating does not itself constitute an adverse employment action because it has no tangible effect upon the recipient's employment."). Without more, these allegations are insufficient to state a claim under Title VII.

The promotion allegation also is insufficient. Where a plaintiff's retaliation claim is based upon not receiving a promotion, plaintiff bears the burden of proving that the person who received the promotion was similarly or equally qualified. As discussed above, Mr. Brown failed to produce such evidence. This flaw was critical to plaintiff's failure to promote claim, and it is equally fatal to his retaliatory failure to promote claim.

Lastly, the Court turns to plaintiff's assertion that he was retaliated against for exercising his First Amendment rights. We find that this claim is procedurally barred by res judicata. Res judicata, or claim preclusion, applies where a final judgment involving the same cause of action and the same parties is entered by a court of competent jurisdiction. See Lundquist v. Rice Memorial Hospital, 238 F.3d. 975, 977 (8th Cir. 2001). Each of these elements is satisfied in this case. Plaintiff's First Amendment claim in the first lawsuit was dismissed with prejudice by a court having jurisdiction. The First Amendment claim filed in this suit is identical to the one filed

6

by plaintiff in the first lawsuit. Thus, the district court properly entered summary judgment in favor of defendant.

III.  CONCLUSION

Plaintiff did not establish a prima facie case for his failure-to-promote claim or his retaliation claim. His First Amendment retaliation claim is procedurally barred.

The judgment of the district court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

7