# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3740

_____

| | | |
|---|---|---|
| Bridget Jones, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Reliant Energy - ARKLA, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 18, 2003

Filed: July 15, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Bridget Jones appeals the district court's[1] adverse grant of summary judgment dismissing her claim of race discrimination against Reliant Energy-ARKLA. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

## I

Jones, an African-American, was hired by ARKLA (Reliant Energy's [Reliant] predecessor) in 1990 as a Customer Service Representative in its Pine Bluff, Arkansas, customer service office. ARKLA was later purchased by Reliant and reorganized. As part of the reorganization, Reliant closed the Pine Bluff office in April 1999. Before the Pine Bluff office closed, Jones applied for and received training as a Training Champion whose duties included training Reliant's employees to use its new Systems Application Processor computer system. After becoming a Training Champion, Jones traveled in-state to Little Rock, Benton, Jacksonville, Conway, Monticello and out-of-state to Shreveport, Louisiana, on behalf of the company. Jones rotated between these various locales within the company until given a permanent assignment in Reliant's Monticello office in March 2000. Jones continued to reside in Pine Bluff and commuted daily to Monticello. In June 2001, Jones requested and received a permanent position at Reliant's Pine Bluff Warehouse. Jones continues to be employed by Reliant.

Beverly Terry, a Caucasian, also worked at the Pine Bluff customer service center until it closed in April 1999. After Pine Bluff closed, she was transferred to a position in Little Rock dealing with customer accounts that were in bankruptcy. Reliant contends Terry's position in Little Rock was eliminated when it decided to move all bankruptcy accounts to Shreveport. Because she was not offered a new position, Terry was terminated and received a lump sum severance package.

Jones disputes such factual assertions and argues Terry's position was never eliminated. Rather, it was transferred and Terry could have retained the position had she been willing to relocate. Jones argues she was discriminated against because she was not given the option of accepting a severance package instead of relocating, as was Terry.

Jones sued for race discrimination in employment under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Reliant moved for but was denied summary judgment because of unresolved fact issues relating to Jones's eligibility for severance. Reliant renewed its motion for summary judgment arguing Jones failed to show an adverse employment action as a result of Reliant's failure to offer her a severance package. Upon reconsideration, the motion for summary judgment was granted. On appeal, Jones argues the district court erred in finding the failure to offer a severance package cannot constitute an adverse employment action.

II

This court reviews the district court's grant of summary judgment de novo. Spears v. Missouri Dep't of Corr. & Human Res., 210 F.3d 850, 853 (8th Cir. 2000). "Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id.

To establish a prima facie case of disparate treatment in a race discrimination claim, the plaintiff must show 1) she is within the protected class, 2) she was qualified to perform her job, 3) she suffered an adverse employment action, and 4) non-members of her class, e.g., white employees, were treated differently. Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156 (8th Cir. 1999).

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." Spears, 210 F.3d at 853. "Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard." Id.

Jones does not argue she suffered a reduction in responsibilities or pay. Nor does she argue relocation constitutes an adverse employment action. See Spears, 210 F.3d at 852 (holding a relocation to another correctional facility within the same system not an adverse employment action because there was no impact on title, salary, benefits or other material aspect of employment); Hoffman v. Rubin, 193 F.3d 959, 964 (8th Cir. 1999) (holding relocation from Chicago to St. Paul not an adverse employment action). Instead, Jones contends she suffered an adverse employment action because she was not permitted to take advantage of a benefit provided by Reliant, i.e., severance pay. We disagree.

We have previously declined to find an employer's failure to give severance benefits constitutes an adverse employment action. In Cooney v. Union Pacific R.R. Co., 258 F.3d 731, 733-34 (8th Cir. 2001), the plaintiffs were a group of railroad employees who applied for but were refused a buyout/severance package. The plaintiffs were not selected for the buyout/severance program and each of them continued to work for the company at the same rate of pay and with the same level of responsibilities. The plaintiffs sued arguing the company's process for selecting participants for the buyout violated the Age in Employment Discrimination Act of 1967. The plaintiffs argued the buyout program or severance package was a benefit, and the company's refusal to award those benefits constituted an adverse employment action. Id. at 734-35. On appeal, this court held that employees who are denied severance but retain their jobs have not suffered an adverse employment action. "Even if the buyouts can be characterized as benefits, we do not believe the denials caused appellants to suffer an adverse employment action." Id. at 735 (citing EEOC v. Sears Roebuck & Co., 883 F.Supp. 211, 214 (N.D. Ill. 1995) (holding employees who declined voluntary severance pay and retained jobs under same terms and conditions had not suffered an adverse employment action)).

An employee claiming discrimination in a severance pay case "may make out a prima facie case of employment discrimination by showing . . . she was subject to

an adverse employment action involving severance pay . . . ." <u>McGuinness v. Lincoln Hall</u>, 263 F.3d 49, 53 (2d Cir. 2001). Jones contends Reliant's refusal to offer her the option of severance versus transfer resulted in an adverse employment action. An employer's failure to award severance benefits, however, is not an adverse employment action. <u>Cooney</u>, 258 F.3d at 733-34. Nor is an employer's decision to transfer an employee an adverse employment action. <u>Spears</u>, 210 F.3d at 852; <u>Hoffman</u>, 193 F.3d at 964. Consequently, the failure to give an employee the option of choosing between two non-adverse employment actions - in other words, the employer's decision to make the choice itself - cannot transform the outcome into an adverse employment action. We recognize Jones would have preferred termination with severance instead of transfer. We will not, however, interfere with Reliant's decision to maintain Jones's employment even if it offered other employees a choice. Any other holding would lead to the absurd result that Jones suffered an adverse employment action because she was *not* fired.

III

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-