# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1718
_____

| | | |
|---|---|---|
| Maxcie Thomas, III, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas State Police, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Appellee, | * | District of Arkansas. |
| | * | |
| John Bailey, former director of the | * | [UNPUBLISHED] |
| Arkansas State Police, individually, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Houston Talley, Captain, individually, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 7, 2003

Filed: November 10, 2003
_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Maxcie Thomas, a former Arkansas State Trooper, appeals the district court's[1] denial of his motion for a new trial in his employment-discrimination suit. We affirm.

We find no abuse of discretion in the denial of Mr. Thomas's motion for a new trial. See Jones v. Swanson, 341 F.3d 723, 732 (8th Cir. 2003) (standard of review). Based on the trial evidence, the jury was entitled to conclude Mr. Thomas failed to establish a prima facie case of race discrimination in his 1998 discharge, because he did not show that similarly situated employees who were not members of his protected group were treated differently. See Jones v. Reliant Energy--ARKLA, 336 F.3d 689, 691 (8th Cir. 2003) (elements of race-discrimination claim); Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000) (employee has burden of demonstrating, by preponderance of evidence, that other individuals were similarly situated in all relevant respects; those used for comparison must have dealt with same supervisor, been subject to same standards, and engaged in same conduct without any mitigating or distinguishing circumstances); see also Brown v. Sandals Resorts Int'l, 284 F.3d 949, 954 (8th Cir. 2002) (credibility determinations, weighing of evidence, and drawing of legitimate inferences from facts are jury functions). Even if Mr. Thomas made out a prima facie case, the jury was entitled to conclude he had not shown pretext based on evidence that defendant Captain Talley had exhibited a racist attitude in the 1980s. See Elmahdi v. Marriott Hotel Servs., Inc., 339 F.3d 645, 656 (8th Cir. 2003) (if employee establishes prima facie case, employer must articulate legitimate nondiscriminatory reason for adverse action, which employee must then prove is pretext for discriminatory animus); Simmons v. OCE-USA, Inc., 174 F.3d 913, 916 (8th Cir. 1999) (supervisor's racist slur and racially offensive remark two

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

years before termination decision and outside of decision-making process did not support finding of pretext).

We also find no abuse of discretion in the exclusion of evidence relating to another trooper.  See Countrywide Servs. Corp. v. SIA Ins. Co., 235 F.3d 390, 394 (8th Cir. 2000) (reviewing ruling on motion in limine for abuse of discretion).  That trooper was not similarly situated to Mr. Thomas because he was not under Captain Talley's supervision when he attacked a fellow officer.

Accordingly, we affirm.

_____