# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1545

_____

| | | |
|---|---|---|
| Norma J. Curby, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Solutia, Inc., a Delaware Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 10, 2003

Filed:  December 15, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Norma Curby appeals the district court's[1] grant of summary judgment on several employment-related claims she brought against her former employer, Solutia, Inc.  We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

I

This litigation stems from a "notice of termination" Curby submitted to Solutia under the mistaken belief she had a right to severance benefits pursuant to a golden parachute agreement she signed in February 1998 (the 1998 agreement). Curby submitted the notice a short time after Solutia reached an agreement with FMC Corporation to combine the companies' phosphorous and derivatives (P&D) divisions. Because the joint venture would result in the elimination of Curby's position as Vice President/General Manager (VP/GM) of Solutia's P&D division, Curby accepted the position of Vice President (VP) of Joint Ventures and Operating Agreements. Although the new position came with a $15,000 raise, Curby felt she had less responsibility and viewed the transfer from VP/GM to VP as a demotion.

In the notice, Curby claimed "good reason" for terminating her employment under the 1998 agreement. Section 5(c) of the 1998 agreement provided, in pertinent part, "good reason" would include Solutia's assigning her "duties inconsistent in any respect with [her] position (including status, office, titles and reporting requirement), authority, duties or responsibilities . . . or any other action by the Company which results in a diminution in such position, authority, duties or responsibilities[.]" App. at 108. Curby sent the notice to Solutia's general counsel, accompanied by a letter from an attorney who would be "assisting Ms. Curby in the severance process with Solutia." Id. at 138. Although the attorney's letter did not expressly claim Curby had a right to severance benefits, the tenor of the letter clearly indicated both Curby and her attorney believed she would be entitled to benefits under the golden parachute agreement.

Within hours of receiving the notice, Solutia's general counsel responded with a letter indicating only a "change of control" of the company triggered benefits under the 1998 agreement. The letter further indicated there had been no change of control, so the 1998 agreement was not implicated and Curby had no right to severance

benefits. In addition, the letter acknowledged and accepted Curby's "notice of termination" as a letter of resignation pursuant to the standard employment agreement she had signed in September 1997.

After Solutia deemed her notice a resignation, Curby claimed she had not resigned. She claimed she only intended her notice to trigger a claim for benefits under an employee benefit plan governed by the Employment Retirement Income Security Act (ERISA), and entitled it a "notice of termination" only because the 1998 agreement required that terminology. Curby contended Solutia, by deeming the notice a resignation, had retaliated against her for making a claim for ERISA benefits. Two weeks after submitting the notice, she submitted a "supplemental notice of termination" adding as "good reason" for ending her employment the "purported termination by the Company of [her] employment otherwise than as expressly permitted by the Agreement." Id. at 123.

On May 30, 2000, Curby filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The same day, she started this lawsuit in Missouri state court, which Solutia removed to federal court. Curby's suit ultimately included several claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, her claim Solutia discharged her in retaliation for making a claim for ERISA benefits, and a claim Solutia interfered with her right to ERISA benefits.

The district court granted Solutia summary judgment on all of Curby's claims. The district court rejected the ERISA claims after concluding the 1998 employment agreement was not at issue because there had been no "change of control." The district court also rejected the race and sex discrimination claims on various grounds. Curby filed a timely appeal.

## II

Curby contends Solutia violated ERISA by discharging and/or discriminating against her for making a claim for benefits under her 1998 employment agreement, and Solutia interfered with her right to ERISA benefits. We review Curby's ERISA-related claims de novo. Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454, 456 (8th Cir. 1995).

Section 510 of ERISA provides "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which [s]he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. We analyze claims brought pursuant to section 510 of ERISA under the three-stage burden-shifting paradigm articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Jefferson v. Vickers, Inc., 102 F.3d 960, 964 (8th Cir. 1995). That is, a plaintiff "must prove that [s]he participated in a statutorily protected activity . . .; that an adverse employment action was taken against h[er] . . .; and that a causal connection existed between the two." Rath v. Selection Research, Inc., 978 F.2d 1087, 1090 (8th Cir. 1992). We conclude Curby's claim fails under all three stages of the McDonnell Douglas test.

In order for Curby to show she engaged in protected activity (i.e., making a claim for ERISA benefits), her claim has to be reasonable. Cf. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) (rejecting plaintiff's Title VII claim alleging hostile work environment based upon a single, sexually suggestive remark, because no reasonable person could believe a single remark created a hostile work environment).

Section 6(a) of the 1998 agreement indicates severance benefits are payable only if employment is terminated "during the Employment Period." App. at 110. The Employment Period in turn is defined as a three-year period following the Effective

Date, id. at 103, and the Effective Date is defined as "the first date during the Change of Control Period . . . on which a Change of Control . . . occurs." Id. at 101. Thus, the agreement requires a "Change of Control" to trigger an "Effective Date" which begins the three-year "Employment Period" during which severance benefits are payable if an employee is terminated.

Section 2 of the agreement lists four situations deemed to be changes of control, namely, 1) the acquisition by another entity of more than 20% of the company's stock or voting power, 2) certain changes in the makeup of the "Incumbent Board," 3) consummation by the company as a result of a sale or other disposition of substantially all the company's assets or the acquisition of the assets or stock of another corporation (i.e., a "Business Combination"), or 4) the complete liquidation or dissolution of the company. Id. at 102-03.

It is undisputed no change of control occurred here; thus there was no effective date or employment period to trigger a right to severance benefits. Therefore, Curby had no right to severance benefits under the 1998 agreement. Section 12(f) of the agreement unequivocally states "the Executive's employment . . . may be terminated by either the Executive or the Company at any time prior to the Effective Date, in which case Executive shall have no further rights under this Agreement." Id. at 119. Thus, when Curby chose to terminate her employment by providing Solutia with a notice of termination absent a change of control, she had no reasonable basis for believing she had a right to severance benefits under the 1998 agreement.

Curby contends, however, the 1998 agreement only required the *threat* of a change of control to trigger the right to a severance package. She relies upon language in the agreement's prefatory paragraph which referred to the "possibility, threat or occurrence of a Change of Control" and a "pending or threatened Change of Control," id. at 101, and contends Solutia's chief operating officer told her some investment bankers were considering a leveraged buyout of Solutia. She argues the

agreement's prefatory paragraph renders its definition of change of control ambiguous, and it was therefore reasonable for her to believe the mere threat of a change of control triggered the right to benefits. We disagree.

The mention of the possibility of a change of control in the prefatory paragraph only served to explain why Solutia's Board of Directors wished to enter into golden parachute agreements with certain key executives. That language in no way rendered ambiguous the language controlling what events would actually trigger an employee's right to a severance package. The agreement is clear and definite in that regard. Thus, Curby has not shown her claim for benefits was reasonable.

Because she resigned, Curby also cannot show she suffered an adverse employment action. An employee cannot submit a resignation and then claim the employer's acceptance of the resignation is an adverse employment action. Hammon v. DHL Airways, Inc., 165 F.3d 441, 447 (6th Cir. 1999); cf. Briggs v. Anderson, 796 F.2d 1009, 1021 (8th Cir. 1986) (holding employees who had voluntarily resigned were not entitled to make employment discrimination claims under Title VII). We reject Curby's attempts to differentiate between a "notice of termination" and a letter of resignation. Curby obviously could not make a claim for severance benefits while at the same time continuing her employment with Solutia. Thus, whether entitled a "letter of resignation" or a "notice of termination," the notice Curby submitted clearly conveyed her intent to end her employment relationship with Solutia, i.e., resign.

It follows that Curby's claim also fails under the third stage of the McDonnell Douglas test. Since Curby neither engaged in a protected activity, nor suffered an adverse employment action, there can be no causal connection between the two. Thus, Curby's claim that Solutia discharged her and/or discriminated against her for making a claim for ERISA benefits necessarily fails. Furthermore, since she had no right to benefits under the 1998 agreement, her claim that Solutia interfered with her right to ERISA benefits fails as well.

Curby contends, even if we reject her ERISA claims, she is entitled to attorney fees because the 1998 agreement provided Solutia would pay her legal fees "regardless of the outcome" of any dispute between the two over the agreement. We disagree. Although the agreement promised fees regardless of the outcome of this dispute, it also limited recovery to those fees "reasonably" incurred. See App. at 114 (providing Solutia would pay "all legal fees and expenses which the Executive may *reasonably incur* as a result of any contest (regardless of the outcome thereof) by the Company, the Executive or others of the validity or enforceability of, or liability under, any provision of this Agreement . . . .") (emphasis added). We conclude the reference to fees "reasonably incur[red]" requires both that the time spent on the claims be reasonable and that the claimant's litigation position be reasonable. See Gerow v. Rohm & Haas Co., 308 F.3d 721, 726 (7th Cir. 2002) (interpreting similar language in a golden parachute agreement). "Otherwise the employer has written a blank check that every employee would seek to cash on the off chance that a court would order the employer to pay more." Id. Since Curby's litigation position is unreasonable, she is not entitled to fees under the agreement.

III

Curby also makes several claims of race and sex discrimination under Title VII. We review these claims de novo. Jones v. Frank, 973 F.2d 673, 675 (8th Cir. 1992).

First, Curby contends Solutia discriminated against her on the basis of her sex and race (Curby is black) by failing to name her as the chief executive officer of Astaris (the name of the joint venture combining Solutia's and FMC's P&D divisions) and selecting a white male instead. The district court properly dismissed this claim because the statute of limitations had run. Curby learned she would not get the position on May 20, 1999, but did not file her charge of discrimination until over a year later on May 30, 2000. See Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999) ("Before bringing a Title VII action, a plaintiff must file a charge with the

EEOC within 300 days of the event giving rise to the cause of action. 42 U.S.C. § 2000e-5(e)."). Curby argues the statute of limitations did not begin to run until the Federal Trade Commission approved the joint venture, but we disagree. See Delaware State Coll. v. Ricks, 449 U.S. 250, 259, 260-61 (1980) (holding Title VII limitations period commences at the time decision is made and communicated to the plaintiff, even where the effects of the decision do not occur until some future date or are subject to change).

Next, Curby contends Solutia discriminated against her by transferring her from the position of VP/GM of the P&D Division, to the position of VP of Joint Ventures and Operating Agreements. This claim is also subject to the McDonnell Douglas framework (as are the remainder of Curby's claims) and was properly dismissed for two reasons. First, the change in position did not constitute an adverse employment action because there was no reduction in pay or benefits. See Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997) (recognizing loss of status and prestige alone are insufficient to establish an adverse employment action). Second, Solutia offered a legitimate, nondiscriminatory reason for the transfer – Curby's prior position was being eliminated by the joint venture and she desired to remain with Solutia – and Curby presented no evidence that Solutia's articulated reason was a pretext for discrimination. See Texas Dep't of Cmty. Affairs, 450 U.S. 248, 254-55 (1981) (explaining plaintiff's burden of showing pretext once employer articulates a legitimate, nondiscriminatory reason for its actions).

Curby next contends Solutia discriminated against her by not giving her a "1999 Severance Package" offered to other employees. This claim fails because Curby accepted the position of VP of Joint Ventures and Operating Agreements in lieu of the severance package, and therefore suffered no adverse employment action. See Jones v. Reliant Energy-ARKLA, 336 F.3d 689, 692 (8th Cir. 2003) (holding that employee who was given a job instead of a severance package suffered no adverse employment action); see also Cooney v. Union Pac. R.R. Co., 258 F.3d 731, 733-34

(8th Cir. 2001) (holding that employees who are denied severance but retain their jobs have not suffered an adverse employment action).

Curby also claims Solutia discriminated against her by not making her VP/GM of Nylon Plastics & Polymers (NPP) and selecting a white male for that position. This claim fails because Solutia articulated a legitimate, non-discriminatory reason for its decision. Solutia said it did not consider Curby for the NPP position because she had just accepted her new position as VP of Joint Ventures and Operating Agreements. Solutia also presented several reasons why it considered the person chosen for the NPP position more qualified than Curby. Curby claims she was more qualified, but her subjective opinions regarding her own qualifications are not evidence of pretext. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998).

The remainder of Curby's race and sex discrimination claims merit no discussion, and we affirm the dismissal of those claims for the reasons stated by the district court. See 8th Cir. R. 47B.

IV

We affirm the district court's judgment in all respects.

_____