# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2381

_____

Arthur McElroy,                          *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   District of Nebraska.
U. S. Department of Education; U. S.      *
Department of the Treasury;              *          [UNPUBLISHED]
Charlotte Robinson; Diane Spadoni;       *
Financial Asset Management Systems,      *
                                         *
            Appellees.                   *

_____

Submitted: December 26, 2003

Filed: January 12, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arthur McElroy (McElroy) appeals the district court's[1] adverse judgment in his action challenging the collection of his unpaid student loans. Upon de novo review, see Jones v. Reliant Energy-ARKLA, 336 F.3d 689, 691 (8th Cir. 2003); Rucci v.

_____

[1]The Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

City of Pacific, 327 F.3d 651, 652 (8th Cir. 2003), we conclude the district court committed no error.  First, a 1991 bankruptcy discharge order did not discharge McElroy's student-loan debt:  the debt was not dischargeable, and McElroy did not attempt in his bankruptcy proceedings to have the debt discharged for undue hardship.  See 11 U.S.C. § 523(a)(8) (1988) (educational-loan debt not dischargeable unless loan became due more than five years before filing date of petition, or excepting such debt from discharge will impose undue hardship on debtor); In re Penn, 262 B.R. 788, 791 (W.D. Mo. 2001) (student-loan debt is presumptively nondischargeable); cf. United States v. Wood, 925 F.2d 1580, 1582-83 (7th Cir. 1991) (per curiam) (implicitly agreeing that burden is on debtor to challenge presumption of nondischargeability).  To the extent McElroy wishes to revisit the issue, he should seek relief in the bankruptcy court.  See 11 U.S.C. §§ 105(a), 350(b).

Second, the district court properly concluded that its resolution of the discharge issue also resolved McElroy's claims against the individual defendants, who McElroy asserted conducted a flawed review of his objections to collection attempts on his allegedly discharged student debt, and improperly referred his debt to the Treasury for offset.  Finally, the evidence refutes McElroy's assertion that he was charged collection fees; and the instant action was not a proper vehicle for determining the precise amount McElroy owes on the loans.

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____