FRATERNAL ORDER OF POLICE, LODGE NO. 8, AND
ROSS STEBBINS, APPELLANTS, V. COUNTY OF DOUGLAS,
STATE OF NEBRASKA, APPELLEE.

___N.W.2d___

Filed October 7, 2005.   No. S-04-611.

John E. Corrigan, of Dowd, Howard & Corrigan, L.L.C., for appellant Fraternal Order of Police, Lodge No. 8.

Andrew M. Steinbaugh, of John P. Fahey, P.C., for appellants.

Stuart J. Dornan, Douglas County Attorney, and James R. Thibodeau for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

Case No. S-04-611 is before this court on the motion for rehearing of appellant Fraternal Order of Police, Lodge No. 8, regarding our opinion reported at *Fraternal Order of Police v. County of Douglas, ante* p. 118, 699 N.W.2d 820 (2005). We overrule the motion but for purposes of clarification modify the opinion as follows:

In that portion of the opinion designated "Freedom of Association," we withdraw the seventh and eighth paragraphs, *id.* at 128, 699 N.W.2d at 830, and substitute the following paragraphs in their place:

> In *Spears v. Mo. Dept. of Corr. & Human Resources*, 210 F.3d 850 (8th Cir. 2000), a title VII action, the plaintiff brought a retaliation claim against the department of corrections. The district court granted summary judgment in favor of the department, concluding that the plaintiff had failed to establish any adverse employment action and, thus, had not presented a prima facie case of retaliation. The court of appeals affirmed.
>
> To establish a prima facie case of retaliation, a plaintiff must show, among other things, that the plaintiff suffered an adverse employment action at the hands of the employer. See *id.* "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Id.* at 853. "Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard . . . but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not . . . ." (Citation omitted.) *Id.* See, also, *Meyers v. Starke*, 420 F.3d 738 (8th Cir. 2005) (employing title VII language as to what constitutes adverse employment action in First Amendment case).

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.