**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KARLA GERNER,

　　　　　　*Plaintiff-Appellant,*

　　　v.

COUNTY OF CHESTERFIELD, VIRGINIA,

　　　　　　*Defendant-Appellee.*

No. 11-1218

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:10-cv-00885-HEH)

Argued: January 25, 2012

Decided: March 16, 2012

Before MOTZ, Circuit Judge, Thomas D. SCHROEDER,
United States District Judge for the Middle District
of North Carolina, sitting by designation, and
J. Michelle CHILDS, United States District Judge for the
District of South Carolina, sitting by designation.

Reversed and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge Schroeder and Judge
Childs joined.

**COUNSEL**

**ARGUED:** Mark Dennis Dix, BUCCI & DIX, Richmond, Virginia, for Appellant. Jeffrey Lee Mincks, COUNTY ATTORNEY'S OFFICE for the County of Chesterfield, Chesterfield, Virginia, for Appellee. **ON BRIEF:** Clinton W. Verity, BUCCI & DIX, Richmond, Virginia, for Appellant. Stylian P. Parthemos, Julie A. C. Seyfarth, COUNTY ATTORNEY'S OFFICE for the County of Chesterfield, Chesterfield, Virginia, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Karla Gerner brought this action, alleging that her former employer, Chesterfield County, Virginia ("County"), unlawfully discriminated against her by offering her a less favorable severance package than that offered male employees holding similar positions. The district court dismissed Gerner's complaint, on the ground that she failed to allege a Title VII claim because the County's assertedly discriminatory denial of severance benefits did not constitute an adverse employment action. *See Gerner v. Cnty. of Chesterfield, Va.*, 765 F. Supp. 2d 770, 773-74 (E.D. Va. 2011). We reverse.

I.

Gerner alleged the following relevant facts in her complaint.

She began working for the County in June 1983. By July 1997, she was the County's Director of Human Resources Management. Throughout Gerner's career she always "received positive performance evaluations."

After more than twenty-five years of employment by the County, including twelve as a department director, on December 15, 2009, County officials informed Gerner "that her position was being eliminated due to a 're-organization.'" The County officials asked Gerner to sign an agreement, which offered her three months pay and health benefits in exchange for her voluntary resignation and waiver of any cause of action against the County. Gerner considered the offer for a few days and ultimately declined. The County then terminated her employment effective December 15, without any severance pay or benefits.

Upon receiving a notice of her right to sue from the Equal Employment Opportunity Commission ("EEOC"), Gerner filed this action alleging disparate treatment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 ("Title VII"). Gerner alleges that the County did not offer her the same "sweetheart" severance package it "offered her similarly situated male counterparts when the County sought to terminate their employment." She claims that "[p]rior male department directors, including employees who were not meeting performance expectations, were transferred to positions with less responsibility while being allowed to continue with their salary and benefits, or were kept on the payroll with benefits for up to 6 months or more to enhance their retirement benefits." The complaint cites four male comparators to whom the County assertedly gave such favorable treatment.

The County moved to dismiss Gerner's complaint. After holding a hearing, the district court issued a written opinion granting the County's motion. In its opinion, the district court noted that the County's challenge to the complaint rested on two arguments: (1) "the terms and conditions of the severance package do not constitute an actionable adverse employment action" under Title VII, *Gerner*, 765 F. Supp. 2d at 772, and (2) "the Complaint fails to adequately describe the comparators offered in support of the disparate treatment claim," *id.*

at 774. The court dismissed the complaint without prejudice on the first ground, concluding that it need not reach the second ground. *Id.* Gerner noted this timely appeal.

"We review de novo the grant of a motion to dismiss for failure to state a claim. In so doing, we must accept as true all of the factual allegations contained in the complaint." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (citation and internal quotation marks omitted).

## II.

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of gender discrimination, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . . ; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

The district court dismissed Gerner's complaint because it believed that she failed to allege a "factual basis" for the third element — that is, she failed to allege an "adverse employment action." *See Gerner*, 765 F. Supp. 2d at 774; *id.* at 772 (explaining that "[t]he viability of Plaintiff's Complaint turns on a narrow question of law—whether the County's offer of a less favorable severance package constitutes an adverse employment action"). The court found that "the County's offer of a less favorable severance package" did not constitute an adverse employment action for two reasons. First, the court held that severance benefits must be a "contractual entitlement" to provide the basis of an adverse employment action under Title VII. *Id.* at 773. Second, the court held that because "the offer of the severance package was made after [Gerner] had been terminated," it could not constitute an adverse

employment action. *Id.* at 773-74. We consider each of these rationales in turn.

A.

As to the first, *Hishon v. King & Spalding*, 467 U.S. 69 (1984), forecloses a holding that an employment benefit must be a contractual right in order for its denial to provide the basis for a Title VII claim. In *Hishon*, the Supreme Court held that any "benefit that is part and parcel of the employment relationship may not be doled out in a discriminatory fashion, even if the employer would be free under the employment contract simply not to provide the benefit at all." *Id.* at 75; *see also Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 71 (1986). The *Hishon* Court clearly stated that "benefits that [an employer] *is under no obligation to furnish by any express or implied contract* . . . may qualify as a 'privileg[e]' of employment under Title VII" and so provide the basis for a Title VII claim. 467 U.S. at 75 (emphasis added). The viability of such a claim turns not on any contractual entitlement but on whether the benefit is "part and parcel of the employment relationship." *Id.*

The district court cited and quoted *Hishon*, but ignored this crucial teaching. Instead, the court relied on *Britt v. E.I. DuPont de Nemours & Co.*, 768 F.2d 593 (4th Cir. 1985), *Jones v. Reliant Energy-ARKLA*, 336 F.3d 689, 692 (8th Cir. 2003), and *Cooney v. Union Pacific Railroad Co.*, 258 F.3d 731, 733-34 (8th Cir. 2001). That reliance was misplaced. *Britt* merely holds that conditioning an employee's participation in a "*wholly voluntary*" reduction-in-force plan on a deferral of that employee's pension benefits does not provide a basis for a discrimination claim. *See* 768 F.2d at 594-95 (emphasis added). *Jones* and *Cooney* hold that employees suffered no adverse employment action because, although they were not offered the severance benefits given to employees who were terminated, the employees were permitted to *retain* their jobs. Of course, Gerner, unlike Britt, did not *volunteer*

to participate in any reduction-in-force plan. Nor, unlike Jones and Cooney, did Gerner *retain* her job in lieu of receiving severance benefits.[1]

In contrast to the cases relied on by the district court, in situations like that at hand, in which an employee did not volunteer for a change in employment benefits or retain a job in lieu of a new benefit, courts have consistently recognized that the discriminatory denial of a *non-contractual* employment benefit constitutes an adverse employment action. *See, e.g.*, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120-21 (1985); *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 501 (2d Cir. 2009); *Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 32 (D.C. Cir. 1997); *DiBiase v. SmithKline Beecham Corp.*, 48 F.3d 719, 725 (3d Cir. 1995); *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 442 (10th Cir. 1990); *Judie v. Hamilton*, 872 F.2d 919, 921-22 (9th Cir. 1989).

The district court therefore erred in dismissing Gerner's complaint on the theory that the discriminatory denial of a non-contractual employment benefit cannot constitute an adverse employment action.

B.

The district court's alternative rationale for dismissing Gerner's complaint—that she suffered no adverse employment action because the County fired her before it made its

---

[1] *EEOC v. SunDance Rehabilitation Corp.*, 466 F.3d 490 (6th Cir. 2006), on which the district court also relied, is similarly inapposite. There, the Sixth Circuit held that a "mere offer" of a separation agreement conditioning severance pay on a promise not to file charges with the EEOC did not amount to retaliation because, until the employer acted, the employees had "not been deprived of anything." *Id.* at 500-01. In doing so, the court distinguished cases like this one, where "the employer actually took an adverse action against the employee." *Id.* at 498 (distinguishing *EEOC v. Bd. of Governors of State Colls. & Univs.*, 957 F.2d 424 (7th Cir. 1992)).

allegedly discriminatory offer — also fails. This rationale suffers from two defects.

First, it ignores the well-pleaded factual allegations in Gerner's complaint, which a court must accept as true at this stage. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). Gerner alleges that at the December 15 meeting, County officials informed her "that her position was being eliminated," but offered to permit her to resign with "3 months severance pay and health benefits." She further alleges that the County permitted her to consider the offer until December 21, and that she did so and then rejected the offer. According to Gerner, only then, after she refused the County's offer, did the County terminate her employment, albeit making the termination retroactive to December 15. Thus, although Gerner ultimately may not be able to prove it, she certainly has alleged that she remained an employee at the time the County offered the assertedly discriminatory severance package.

The second problem with this rationale is that Title VII protects both current *and* former employees from discriminatory adverse employment actions. Title VII makes it an unlawful employment practice for an employer "to discriminate against *any individual*" on the basis of membership in a protected class. 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Courts have consistently interpreted this intentionally broad language to apply to potential, current, and *past* employees.

As the Second Circuit recently explained, "[a] natural reading of 42 U.S.C. § 2000e-2(a)(1) suggests that the 'individual' it references is a potential, current, or past employee of the employer." *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 374 (2d Cir. 2006) (internal quotation marks and brackets omitted); *see also EEOC v. Beverage Canners, Inc.*, 897 F.2d 1067, 1071 (11th Cir. 1990) ("Title VII applies equally to those with an existing employment relationship (on-the-job discrimination), those with a past employment relationship (laying-off and refusing to rehire pursuant to a rehiring plan)

and those with no employment relationship at all (refusal to hire a new employee or a laid off employee with no right or expectation of being rehired)."); *Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338, 1341 (D.C. Cir. 1973) (reasoning that Title VII covers at least "former employees and applicants for employment, in addition to present employees").

Indeed, in *Hishon* itself the Supreme Court rejected the idea that denial of an employment benefit could not constitute an adverse employment action for purposes of a Title VII claim because it only affected a former employee. *See* 467 U.S. at 77 ("A benefit need not accrue before a person's employment is completed to be a term, condition, or privilege of that employment relationship.").[2] To limit actionable adverse employment actions to those taken while an individual is currently employed would be inconsistent with the statutory text and Title VII's "principal goal" of "eliminat[ing] discrimination in employment." *EEOC v. Firestone Fibers & Textiles* Co., 515 F.3d 307, 313 (4th Cir. 2008) (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 71 n.6 (1977)) (internal quotation marks omitted).

Accordingly, the district court also erred in dismissing the complaint on the ground that Gerner failed to allege an adverse employment action because she did not allege that the

---

[2]This conclusion finds further support in *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997). There, the Supreme Court held that 42 U.S.C. § 2000e-3(a)—prohibiting employers from retaliating against "employees" for exercising their Title VII rights—protects "former employees" from discriminatory "postemployment actions." *Id.* at 339. Gerner's complaint relies on § 2000e-2(a)(1) — prohibiting employers from discriminating against "any individual" because of membership in a protected class. Surely if the term "employee" in § 2000e-3(a) includes former employees, the more capacious term "any individual" in § 2000e-2(a)(1) must also include former employees. This is particularly so given that in *Robinson* the Supreme Court explicitly recognized that "'individual' is a broader term than 'employee' and would facially seem to cover a former employee." *Id.* at 345.

County made its assertedly discriminatory severance offer before it terminated her employment.

## III.

Perhaps recognizing the errors in the district court's reasoning, the County presses two additional arguments before us. First, the County maintains that "Gerner has made no factual allegations that would allow this Court to conclude that . . . severance benefits [were] 'part and parcel' of her employment relationship," as required by *Hishon*. Appellee's Br. at 27. Second, the County contends that Gerner has failed "to allege sufficient facts to allow the district court to examine the timing and nature of the employment actions taken with respect to the 'four male comparators.'" *Id.* at 22.

While these contentions may have some merit, the district court did not address them. We leave it to that court to consider these questions in the first instance. *See Shomo v. City of New York*, 579 F.3d 176, 185-86 (2d Cir. 2009); *Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1418 (4th Cir. 1994).[3]

---

[3]When the district court indicated at the conclusion of the hearing that it intended to grant the County's motion to dismiss, Gerner's counsel requested leave to amend the complaint. Relying on its legal conclusion that the complaint did not state an adverse employment action, the court denied that motion stating "[t]here's nothing to amend." The district court, however, dismissed the complaint "without prejudice" so that Gerner could refile if she "wish[ed] to." Given this and our conclusion that the district court erred by dismissing Gerner's complaint on the stated legal grounds, we are confident that on remand the experienced district judge will permit any amendment that might remedy other asserted defects in the complaint. *See* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend a pleading] when justice so requires"). Of course, even if Gerner can amend the complaint sufficiently to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), she must ultimately prove the truth of her allegations to prevail.

## IV.

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*