**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6123**

GLENN ARRINGTON,

                    Plaintiff – Appellant,

          v.

E.R. WILLIAMS, INC.; E. RANDY WILLIAMS, JR.,

                    Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:11-cv-00535-JCC-TCB)

Submitted:  May 17, 2012            Decided:  August 1, 2012

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Ludwig, DUNLAP, GRUBB & WEAVER, PC, Leesburg, Virginia; Henri T. Hammond, Washington, D.C., for Appellant.  Teresa Burke Wright, Amanda Vaccaro, JACKSON LEWIS, LLP, Reston, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn Arrington sued E.R. Williams, Inc. ("ERW") and its CEO, E. Randy Williams, Jr., alleging that they terminated his employment on account of race, in contravention of federal law. The district court entered summary judgment in favor of ERW and Williams ("Appellees"), and Arrington appealed. Agreeing with the district court that Arrington has failed to establish a prima facie case of discrimination, we affirm.

I.

A.

A federal contractor, ERW provides financial and administrative services and support to government agencies. Arrington, an African American, joined ERW's Virginia office as an employee, becoming the program manager for the company's contract to staff the TRICARE Management Activity and Health Affairs Front Offices. In this capacity, Arrington was responsible for fostering client relationships, managing employees, and developing business.

After receiving reports that Kelli Anthony, a former ERW employee, had accused Arrington of sexual harassment, Williams, an African American, placed Arrington on administrative leave in April 2010. Williams then hired an

2

outside contractor to investigate Anthony's allegations and other evidence of Arrington's misconduct in the workplace.

The ensuing investigative report cataloged accounts from four subordinates of Arrington at ERW, all of whom accused him of improprieties. Cheryl Thomas stated that Arrington made false promises about the position that she filled, assuring her that it would involve research analysis when it was actually purely administrative. According to Thomas, Arrington also promised that he would ensure that she received additional pay for overtime hours, but he failed to keep that promise. Anthony repeated her assertions that Arrington sexually harassed her, making unwanted sexual advances toward her, asking her out on dates several times, and calling her "at all hours of the night." J.A. 146. Nneka Pray stated that Arrington approached attractive women to encourage them to work for ERW and then changed his favored candidates' résumés to meet qualifications. A final employee, Jennifer Sheppard, alleged that Arrington induced her to leave her prior employment to join ERW in a position for which he knew that she was not qualified. Although Arrington repeatedly assured her that she could handle the duties, Sheppard was ultimately discharged for inadequate performance.

At the same time that the investigation was taking place, ERW executives received complaints about Arrington from

3

three separate clients. All three clients informed the executives that they did not want Arrington to continue to do any work in their offices.

Initially hesitant to discharge Arrington, Williams sought counsel from his attorney and two ERW executives, all of whom recommended terminating Arrington's employment. Williams agreed that Arrington could not continue in his current position, a decision that he characterized as grounded in "what [he] thought was right and what was at risk for [his] company." Id. 600. Based on the results of the investigation, Williams concluded that Arrington "was a liability to the company" and that his continued employment would "create unrest within the employees . . . [and] with the clients." Id. 643. At bottom, Williams thought that the numerous complaints from employees and clients alike revealed Arrington's ineffective leadership.

But rather than discharge Arrington outright, Williams offered to transfer him to ERW's Huntsville, Alabama office. In a May 27 email, ERW gave Arrington a little over a week to either accept the transfer offer or face termination from the company. On June 15, ERW reiterated to Arrington that he would be terminated if he declined to accept the Alabama position. After he refused the new position, ERW officially discharged Arrington on June 17 for his "inability to be an effective manager and leader." Id. 198.

4

B.

Arrington responded to his discharge by filing suit in the U.S. District Court for the Eastern District of Virginia. He alleged that ERW and Williams discharged him on account of his race, in violation of 42 U.S.C. § 1981.[1]

Appellees moved for summary judgment. Holding that Arrington had failed to establish a prima facie case of employment discrimination, the district court entered summary judgment in favor of Appellees. Arrington timely noted this appeal.

II.

Arrington first challenges the district court's consideration of several pieces of evidence. Ascertaining no abuse of discretion in the district court's evidentiary rulings, see King v. McMillan, 594 F.3d 301, 310 (4th Cir. 2010), we reject Arrington's claims.

Arrington argues principally that much of the evidence relied on by the district court was hearsay that should not have been considered. This contention, however, flows from a misunderstanding of hearsay. Under the Federal Rules of

---

[1]Arrington's initial complaint included a count alleging defamation, but he struck that claim from his amended complaint.

Evidence, "hearsay" is, in critical part, a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). It follows, then, that a statement is not hearsay where the proponent offers it not to prove the truth of the matter asserted but rather for another purpose. Here, as the district court properly ruled, evidence of employee and client complaints about Arrington's performance was considered because ERW and Williams's "decisionmaking was under challenge, and [they] explained it on the basis of the information [they] received," Crockett v. Abraham, 284 F.3d 131, 134 (D.C. Cir. 2002). Where, as here, "third-party statements concerning the plaintiff's performance are offered not for the truth of the matters asserted therein, but as an explanation of why [the employer] believed that terminating the plaintiff's employment . . . was necessary and appropriate," evidentiary rules governing the consideration of hearsay are not implicated. See Royall v. Nat'l Ass'n of Letter Carriers, 507 F. Supp. 2d 93, 98 n.10 (D.D.C. 2007).[2]

---

[2]Arrington also maintains that the evidence of employee and client complaints was not relevant. Alternatively, he claims that the district court should have refused to consider the evidence because the danger of unfair prejudice substantially outweighed the probative value of the evidence. Arrington, however, did not raise these grounds for objection before the district court and thus has waived them on appeal.

III.

Arrington next contends that the district court erred in granting summary judgment to Appellees. We review de novo the district court's grant of summary judgment, viewing the facts in the light most favorable to the nonmoving party. EEOC v. Xerxes Corp., 639 F.3d 658, 668 (4th Cir. 2011). Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A nonmoving party cannot resist summary judgment "'through mere speculation or the building of one inference upon another.'" Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (citation omitted); see also Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

Arrington maintains that he has met his burden of proving a prima facie case of employment discrimination. We

7

find Arrington's contentions meritless and accordingly affirm the district court's grant of summary judgment.

A plaintiff alleging discriminatory discharge must establish a prima facie case. King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003). A prima facie case of employment discrimination comprises four elements: (1) membership in a protected class; (2) adverse employment action; (3) performance at a level meeting the employer's legitimate expectations at the time of the adverse employment action; and (4) more favorable treatment given similarly situated employees outside of the protected class. See Gerner v. Cnty. of Chesterfield, 674 F.3d 264, 266 (4th Cir. 2012); King, 328 F.3d at 149. In evaluating whether a plaintiff has met his burden of demonstrating a prima facie case of employment discrimination, our focus is on the perception of the decision maker. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960–61 (4th Cir. 1996).

Because Arrington has failed to show that his job performance at ERW met ERW's legitimate expectations at the time of his discharge, we hold that he has not satisfied his burden of establishing a prima facie case of employment discrimination. During the approximately six weeks that Arrington was on administrative leave, Williams and other ERW executives received a wealth of evidence detailing Arrington's misconduct in the workplace. Four of Arrington's subordinates lodged complaints

about Arrington's job performance, including one employee's allegations that Arrington sexually harassed her. Moreover, three of ERW's clients expressed dissatisfaction with Arrington's work, directing ERW to remove him from any work involving them. Reviewing these complaints, Williams and other ERW supervisors felt that Arrington was unfit to continue work in his position at the Virginia office. Arrington has simply proffered no evidence that he was meeting ERW's expectations at the time of his discharge or that ERW and Williams harbored any nefarious motives in terminating his employment. Arrington is thus unable to resist summary judgment.[3]

IV.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3]Because we conclude that Arrington has failed to demonstrate adequate job performance, we need not address his other challenges to the district court's decision.