**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-1824**

—————

WALTER LEE WHITAKER,

　　　　　Plaintiff - Appellant,

　　v.

NASH-ROCKY MOUNT BOARD OF EDUCATION, d/b/a Nash-Rocky Mount
Public Schools; RICHARD A. MCMAHON, Superintendent; CARINA
BRYANT, Southern Nash Middle School Principal,

　　　　　Defendants - Appellees.

—————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.　Terrence W. Boyle,
District Judge. (5:11-cv-00246-BO)

—————

Submitted:　October 28, 2013　　　Decided:　November 13, 2013

—————

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Walter Lee Whitaker, Appellant Pro Se.　Dan M. Hartzog, Jr.,
Donna Rhea Rascoe, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh,
North Carolina, for Appellees.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Lee Whitaker appeals the district court's order granting summary judgment to Defendants on his claims of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e to 2000e-17 (West 2003 & Supp. 2013) ("Title VII").[*] We affirm.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice,

---

[*] To the extent Whitaker summarily contends that the district court erred in concluding that Title VII does not apply to claims of disability discrimination, we reject Whitaker's contention. Moreover, it is clear that Whitaker never alleged or produced evidence that he suffers from a qualifying disability. See Rohan v. Networks Presentations LLC, 375 F.3d 266, 272-73 & n.9 (4th Cir. 2004) (holding that claim of discriminatory discharge under Americans with Disabilities Act requires showing of disability that substantially limits major life activity or of being regarded as having such disability).

2

nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). We review de novo a district court's order granting summary judgment. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011).

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C.A. § 2000e-2(a)(1). Because Whitaker produced no direct evidence that discrimination motivated the nonrenewal of his contract to serve as a probationary teacher, his claim must be considered under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc).

Under the McDonnell Douglas framework, Whitaker was required to establish a prima facie case comprising four elements: (1) membership in a protected class; (2) adverse employment action; (3) performance at a level meeting his employer's legitimate expectations at the time of the adverse employment action; and (4) circumstances that give rise to an inference of discrimination. Gerner v. Cnty. of Chesterfield,

3

674 F.3d 264, 266 (4th Cir. 2012); King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003). Once these elements are established, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill, 354 F.3d at 285. If the employer provides evidence of a nondiscriminatory reason for its action, the presumption of discrimination is rebutted, and the employee, who bears the ultimate burden of persuasion, must show by a preponderance of evidence that the proffered reason was a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 146-49 (2000).

Having carefully reviewed the record, we agree with the district court that the evidence failed to indicate that Whitaker was meeting his employer's performance expectations or that the decision not to renew his contract was racially motivated. Whitaker's conclusory and unsupported assertions to the contrary were not sufficient to survive summary judgment. King, 328 F.3d at 149-50. Thus, Whitaker is not entitled to relief on his claim that the nonrenewal of his contract was based on race.

To the extent Whitaker also claims that he was subject to a racially hostile work environment, he failed to produce evidence sufficient to carry such a claim past summary judgment. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir.

4

2009) (discussing prima facie case). Finally, we reject Whitaker's suggestion that Title VII permits him to proceed against Defendants Richard McMahon and Carina Bryant in their individual capacities. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). If Whitaker intended to raise claims under 42 U.S.C. §§ 1981, 1983 (2006), such claims fail for the same reasons as Whitaker's Title VII claims. Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5