**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1955**

BOBBY J. KINSER,

                    Plaintiff - Appellant,

          v.

UNITED METHODIST AGENCY FOR THE RETARDED - WESTERN NORTH
CAROLINA, INC., d/b/a UMAR,

                    Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:13-cv-00175-RJC-DCK)

Submitted:  April 28, 2015          Decided:  May 27, 2015

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd J. Combs, COMBS LAW, PLLC, Mooresville, North Carolina, for
Appellant.  John D. Cole, Sr., Jonathan E. Schulz, NEXSEN PRUET,
PLLC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby J. Kinser appeals the district court's order granting summary judgment to his former employer, United Methodist Agency for the Retarded—Western North Carolina, Inc. ("UMAR"), as well as granting UMAR's motion to strike, in his suit alleging sex and age discrimination, in violation of, respectively, Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 ("ADEA").[2] We affirm.[3]

Kinser challenges the district court's decision to strike three affidavits. We review for abuse of discretion a district court's decision to strike an affidavit submitted in support of a party's opposition to summary judgment; however, we review the factual determinations underlying that decision for clear error. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Parties must disclose, "without awaiting a discovery request, . . . the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use

---

[1] 42 U.S.C. §§ 2000e to 2000e-17 (2012).

[2] 29 U.S.C. §§ 621 to 634 (2012).

[3] The district court also granted summary judgment to UMAR on Kinser's claim for wrongful discharge under North Carolina employment law. Because Kinser does not challenge on appeal the grant of summary judgment on his state-law claim, we do not review it. See In re Under Seal, 749 F.3d 276, 292 (4th Cir. 2014).

to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(i), (C), (e)(1)(A). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We have stated that, "[i]n determining whether a party's non-disclosure is substantially justified or harmless, thereby excusing a disclosure violation, a district court is guided by the . . . factors . . . [set forth in S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003)]." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396-97 (4th Cir. 2014).

Our review of the record demonstrates that the district court correctly determined that Kinser failed to timely disclose one affiant's identity. See 6 James Wm. Moore et al., Moore's Federal Practice § 26.22(4)(a)(i) (3d ed. 2015). We conclude, as did the district court, that Kinser's attempts to distinguish the circumstances of his case from those in which an affidavit has been properly disregarded are unavailing. See Carr v. Deeds, 453 F.3d 593, 604 (4th Cir. 2006), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); Rambus, Inc. v. Infineon Techs. AG, 145 F. Supp. 2d 721, 734-35 (E.D. Va. 2001), cited with approval in S. States Rack & Fixture, Inc., 318 F.3d at 596-97.

3

The district court also struck two other affidavits offered by Kinser because it determined that the affiants' averments were inconsistent with their prior deposition testimony. At the summary judgment stage, if an affidavit is inconsistent with the affiant's prior deposition testimony, courts may disregard the affidavit pursuant to the sham-affidavit rule. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999); In re Family Dollar FLSA Litig., 637 F.3d 508, 512 (4th Cir. 2011); Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 975-76 (4th Cir. 1990). "[F]or the [sham-affidavit] rule . . . to apply, there must be a bona fide inconsistency" between an affiant's averments and his deposition testimony. Spriggs v. Diamond Auto Glass, 242 F.3d 179, 185 n.7 (4th Cir. 2001). We conclude that the district court did not clearly err in finding that the two affidavits at issue were inconsistent with the testimony of the affiants. See id.; Rohrbough, 916 F.2d at 975-76. Also without merit are Kinser's challenges to the district court's determination that the inconsistencies warranted disregarding the two affidavits. See Stevenson v. City of Seat Pleasant, 743 F.3d 411, 422 (4th Cir. 2014); Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 939 n.8 (4th Cir. 1980). Accordingly, the

district court did not abuse its discretion by striking the three affidavits.[4]

Turning to Kinser's Title VII and ADEA claims, we review de novo a district court's order granting summary judgment. Jacobs v. N.C. Admin. Office of the Cts., 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Kinser presented no direct evidence of age or gender discrimination; we therefore analyze his claim under the burden-

---

[4] The district court's order also appears to have struck any reference to an arrest of one of UMAR's employees. Even if the district court may have erred by striking these references, any such error is harmless.

5

shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).[5]  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004).  To prevail under the McDonnell Douglas framework, Kinser first must establish a prima facie case.  See Gerner v. Cnty. of Chesterfield, 674 F.3d 264, 266 (4th Cir. 2012) (Title VII); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc) (ADEA).  If Kinser establishes a prima facie case, the burden of production shifts to UMAR to articulate a legitimate, nondiscriminatory reason for its actions.  Hill, 354 F.3d at 285.  Once UMAR has met its burden, Kinser must demonstrate that UMAR's proffered reason is a mere pretext for discrimination.  Id.

The district court correctly determined that Kinser failed to establish a prima facie case under the ADEA because he offered no evidence demonstrating that he had been replaced by a substantially younger person.  See Hill, 354 F.3d at 285.  Nor, with regard to his Title VII claim, did he demonstrate that a similarly situated female employee was treated more favorably than he was.  See Gerner, 674 F.3d at 266.  Even if Kinser had

---

[5] On appeal, Kinser states that he presented direct evidence of sex discrimination; however, he does not identify this evidence, and he analyzes his claim, as do we, only under the McDonnell Douglas framework.

established a prima facie case, the district court properly found that he failed to demonstrate UMAR's legitimate, nondiscriminatory reasons for his discharge were pretextual. See Reeves, 530 U.S. at 143 (providing that plaintiff may establish pretext "by showing that the employer's proffered explanation is unworthy of credence" (internal quotation marks omitted)).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED