**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-2371**

_____

SHARON LYNN DAVIS,

               Plaintiff - Appellant,

     v.

TOWN OF TAZEWELL, VIRGINIA,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:18-cv-00030-JPJ-PMS)

_____

Submitted:  December 28, 2020                         Decided:  January 21, 2021

_____

Before MOTZ, KING, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas E. Strelka, L. Leigh R. Strelka, N. Winston West, IV, STRELKA LAW OFFICE, PC, Roanoke, Virginia, for Appellant.  W. Bradford Stallard, Karissa H. Range, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2015, the Town of Tazewell, Virginia ("the Town"), hired Sharon Lynn Davis for the position of Town Treasurer. Less than two years later, the Town Manager, Todd Day, demoted Davis, prompting her to resign. According to Davis, her demotion and constructive discharge resulted from Day's discriminatory animus toward women, as evidenced by, among other things, her lower salary relative to another department head, Travis Barbee. The Town, on the other hand, considered the demotion justified based on Davis' frequent salary complaints and her unauthorized decision to leave early from an important meeting.

Following her resignation, Davis commenced this action against the Town, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. The district court granted summary judgment to the Town, and, for the reasons that follow, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the familiar *McDonnell Douglas** framework, a plaintiff alleging discrimination bears "the initial burden of proving . . . her prima facie case by a preponderance of the evidence." *Abilt v. Cent. Intelligence Agency*, 848 F.3d 305, 315 (4th Cir. 2017). If the plaintiff makes this showing, "[t]he burden of production then shifts to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (internal quotation marks omitted). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.*

"To establish a prima facie case of gender discrimination, a plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *Gerner v. Cty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012) (ellipsis and internal quotation marks omitted). Under the fourth prong, "the plaintiff must provide evidence that the proposed comparators are not just similar in *some* respects, but similarly-situated *in all respects*." *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 381 (2019). Relevant considerations include "whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications—provided the

---

\* *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

employer considered these latter factors in making the personnel decision." *Id.* (internal quotation marks omitted).

Relying on Barbee as her sole comparator, Davis underscores that she received a much lower salary than Barbee, even though they occupied equivalent positions in the Town's chain of command. But unlike Davis, Barbee had previously worked in local government, an experience that Day found highly desirable. In addition, Barbee enjoyed substantial leverage in the hiring process, as he filled a position that had been vacant for roughly six months, thereby allowing him to request a highly competitive salary. Conversely, Davis, who overlapped with the outgoing Town Treasurer, felt that she could not negotiate her salary because the Town had been considering another candidate. Thus, in light of the candidates' prior experience, the competition for their respective positions, and the opportunity—or lack thereof—to negotiate compensation, we conclude that Davis was not similarly situated to Barbee. Consequently, Davis cannot establish a prima facie case of gender discrimination.

Turning to Davis' retaliation claim, "[a] prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). According to Davis, Day demoted her because she registered a genuine grievance concerning gender-based pay disparity. Davis, however, fails to identify any evidence substantiating her claim that, in complaining to Day, she intimated her belief that he was engaging in unlawful discrimination. And although Davis suggests otherwise, we cannot

4

agree that gender bias is part and parcel of any employment dispute involving unequal treatment of coworkers who happen to be of the opposite sex. Thus, because Davis has not shown that she tied her salary complaints to accusations of gender discrimination, we conclude that she fails to establish that she engaged in a protected activity, thereby defeating her retaliation claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*