**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1181**

TRINETTE COLEMAN,

Plaintiff - Appellant,

v.

JOHN E. WHITLEY, Acting Secretary, United States Department of the Army,

Defendant - Appellee,

and

PATRICK M. SHANAHAN, Acting Secretary of Defense,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:17-cv-01164-SAG)

Argued:  October 26, 2022                    Decided:  November 2, 2022

Before WILKINSON, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Paula M. Potoczak, LAW OFFICE OF PAULA M. POTOCZAK, Alexandria, Virginia, for Appellant. Sarah A. Marquardt, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Ruth Ann G. Azeredo, LAW OFFICE OF RUTH ANN AZEREDO LLC, Annapolis, Maryland; Timothy W. Romberger, LAW OFFICES OF TIMOTHY W. ROMBERGER, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trinette Coleman appeals from the district court's order granting summary judgment to Defendant on her employment discrimination claims[*] raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015).  "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party."  *Id.* (internal quotation marks omitted).  In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party."  *Id.* at 565 n.1 (internal quotation marks omitted).  However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."  *Humphreys & Partners*

---

[*] Although Coleman argues on appeal that she was discriminated against based on her race and gender she points to no evidence pertaining to gender discrimination and has therefore waived that claim on appeal. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

3

*Architects, LLP v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

A plaintiff pursuing a claim under Title VII may either offer direct evidence of discrimination or, using indirect evidence, she may rely on the burden shifting framework that was adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* standard, the plaintiff bears the initial burden of establishing a prima facie case. *Id.* To establish a prima facie case, the plaintiff must show that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) the adverse action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). The fourth element can be met by showing that "similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004); *see also Gerner v. Cnty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012) (listing this standard as fourth element of discrimination claim).

Where a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802-03. If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is a pretext for discrimination. *Id.* at 804. The plaintiff has the ultimate burden of demonstrating that the employer's action was discriminatory. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08, 511-12 (1993).

While Coleman is a member of a protected class and suffered an adverse employment action—namely, a "fair" performance evaluation resulting in a delayed promotion—our review of the record reveals that Coleman failed to establish a prima facie case of discrimination because, aside from her own opinion, she has not provided evidence that her job performance was satisfactory at the time her promotion was delayed. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." (internal quotation marks omitted)). By contrast, both of Coleman's supervisors and a third supervisory employee attested that Coleman's job performance was lacking. Nor did Coleman produce evidence showing that the circumstances around her delayed promotion gave rise to an inference of discrimination, and the comparator Coleman named was not similarly situated so as to allow for comparison. Further, even if Coleman had established a prima facie case of discrimination, she failed to adduce evidence to establish that her employer's reason for delaying her promotion—that her job performance was not satisfactory—was pretextual.

Turning to Coleman's hostile work environment claim, a prima facie hostile work environment claim requires a plaintiff to show "(1) unwelcome conduct; (2) based on the plaintiff's sex [or race]; (3) sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021). "Conduct is 'unwelcome' when it continues after the employee sufficiently communicates that it is unwelcome." *Id.* (internal quotation marks omitted).

5

"Establishing the third element requires that the plaintiff show that the work environment was not only subjectively hostile, but also objectively so." *Id.* at 117-18 (internal quotation marks omitted). "To determine whether an environment is hostile, the [c]ourt must look at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 118 (internal quotation marks omitted). "And as to the fourth element, an employer may be found vicariously liable to an employee when a supervisor with immediate (or successively higher) authority over [her] creates an actionable hostile environment." *Id.* (internal quotation marks omitted). "Liability may be imputed to the employer if the employer had actual or constructive knowledge of the existence of a hostile working environment and took no prompt and adequate remedial action." *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1130 (4th Cir. 1995).

Coleman has not alleged that any of her supervisors made any race-based comments toward her. Another employee's one-time statement that Coleman was only hired because she was African-American was not severe or pervasive enough to alter Coleman's conditions of employment. *See Holloway v. Maryland*, 32 F.4th 293, 301 (4th Cir. 2022) (finding one episode of yelling insufficiently severe and pervasive to establish a hostile environment and noting that "[e]valuation and criticism of one's work performance, while perhaps unpleasant, is not abusive"). Moreover, another employee's rude conduct and refusal to provide training is insufficient to alter the conditions of employment. § *See Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019) ("[R]ude treatment from

6

coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII."). Further, Coleman did not present sufficient evidence to raise a dispute of material fact as to whether her coworker's actions could be imputed to her supervisors.

Therefore, we affirm the district court's order.

*AFFIRMED*